IN THE UNITED STATES BANKRUPTCY COURT
Eastern District of Virginia
Richmond Division

In re: Jeffrey Michael Kopf          Case No. 17-33362-KLP
    Bridget Fairman Kopf                                    Chapter 13
    AKA Bridget Fairman Earley
    Debtors

Address:   9205 Mapleway Rd
              Henrico, VA 23229

Last four digits of Social Security No(s):    xxx-xx-9696 (Debtor)
                                                    xxx-xx-2588 (Joint Debtor)

## NOTICE OF OBJECTION TO CLAIM

    The above named Debtors have filed an Objection to Claim in this bankruptcy case.

    **Your claim may be reduced, modified or eliminated.** You should read these papers carefully and discuss them with your attorney, if you have one.

    If you do not want the Court to eliminate or change your claims, then no later than 30 days from the date of this notice**,** you or your attorney must:

    File with the Court a written response to the objection, explaining your position, at:

                Clerk of Court
                United States Bankruptcy Court
                701 E. Broad Street, Room 4000
                Richmond, VA 23219

    If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

    You must also send a copy to:

                Boleman Law Firm, P.C.
                P.O. Box 11588
                Richmond, VA 23230-1588

Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Dated: February 8, 2018							BOLEMAN LAW FIRM, P.C.
									Counsel for Debtors


					By:	/s/ Mark C. Leffler
						Mark C. Leffler (VSB #40712)
						Boleman Law Firm, P.C.
						P.O. Box 11588
						Richmond, VA  23230-1588
						Telephone (804) 358-9900
						Counsel for Debtors


## CERTIFICATE OF SERVICE

I certify that on February 8, 2018 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA 23541

Jeffrey M. & Bridget F. Kopf
9205 Mapleway Road
Richmond, VA 23229


						/s/ Mark C. Leffler
						Counsel for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

| | |
|---|---|
| **In re: Jeffrey Michael Kopf** | **Case No. 17-33362-KLP** |
| **Bridget Fairman Kopf** | **Chapter 13** |
| **AKA Bridget Fairman Earley** | |
| **Debtors** | |

**OMNIBUS OBJECTION TO CLAIMS NO. 8-1, 9-1, 14-1, and 15-1**
**AND MEMORANDUM IN SUPPORT**

**Pursuant to FRBP 3007(e), NOTICE IS GIVEN that claimants receiving this Objection should locate their names and claims in the Objection. The only claimant subject to this pleading is Portfolio Recovery Associates, LLC ("PRA") which filed claims assigned by the Court as Claims No. 8-1, 9-1, 14-1, and 15-1 and the details pertinent to each claim are found on page 2 herein. The objectors are Jeffrey M. & Bridget F. Kopf, the Debtors in this case, and their grounds for objecting to each claim are that PRA falsely stated in each claim that no interest or other charges is included in the claim amounts, that PRA violated Federal Rule of Bankruptcy Procedure 3001(c)(2)(A) by failing to itemize the interest, fees, and other charges included in the claim amount, and that the Debtors deny owing any debt to PRA and request strict proof of PRA's standing to enforce the debts against them.**

Jeffrey M. & Bridget F. Kopf, by counsel, file this Omnibus Objection to the Proof of Claims (Claim No. 8-1, 9-1, 14-1, and 15-1) filed by Portfolio Recovery Associates, LLC ("PRA") pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure 3001, 3007 and 9014, and Local Bankruptcy Rules 3007-1 and 9013-1.  In support of this Objection, Debtors respectfully state the following:

**Jurisdiction**

1.  Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor, a chapter 13 case having been filed in this Court on June 30, 2017.

2.  This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B),

Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

(K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

## Parties

4. Jeffrey M. & Bridget F. Kopf (hereinafter the "Debtors") are the debtors in this case.

5. Respondent PRA is a foreign limited liability company that filed four (4) proofs of claim in the instant case.

## The Proofs of Claim At Issue

6. The Claims objected to herein are as follows:

| Claimant | Claim No. | Status | Amount |
|---|---|---|---|
| PRA | 8-1 | Nonpriority unsecured | $31,717.03 |
| PRA | 9-1 | Nonpriority unsecured | $31,817.64 |
| PRA | 14-1 | Nonpriority unsecured | $414.39 |
| PRA | 15-1 | Nonpriority unsecured | $2,358.02 |

7. PRA filed four (4) proofs of claim designated by the Court as Claims 8-1, 9-1, 14-1 and 15-1, respectively ("the Claims"). In Part 2, Box 7 of each claim, PRA states under penalty of perjury that the claim amounts do not include any interest or other charges.

8. In Part 2, Box 8 of each claim, PRA states the basis of the claim is "credit card".

9. There is an attachment to each claim entitled "Account Summary" (the "Account Summary"), and the respective Account Summaries shows the following date of last payment and date of charge-off:

   a. For Claim No. 8-1, the date of last payment is 12/28/2016 and the date of charge-off is 7/31/2017;

   b. For Claim No. 9-1, the date of last payment is 12/16/2016 and the date of charge-off is 07/19/2017.

   c. For Claim No. 14-1, the date of last payment is 03/15/2017 and the date of charge-off is 08/04/2017; and

   d. For Claim No. 15-1, the date of last payment is 01/04/2017 and the date of charge-off is 08/03/2017.

 10. The respective Account Summaries shows the following itemizations of principal, interest, and fees:

   a. <u>Claim No. 8-1</u>

| | |
|---|---|
| **Principal Amount:** | $31,717.03 |
| **Interest Amount:** | $0.00 |
| **Fee Amount:** | $0.00 |

   b. <u>Claim No. 9-1</u>

| | |
|---|---|
| **Principal Amount:** | $31,817.64 |
| **Interest Amount:** | $0.00 |
| **Fee Amount:** | $0.00 |

   c. <u>Claim No. 14-1</u>

| | |
|---|---|
| **Principal Amount:** | $414.39 |
| **Interest Amount:** | $0.00 |
| **Fee Amount:** | $0.00 |

    d.    <u>Claim No. 15-1</u>

| | |
|---|---|
| **Principal Amount:** | $2,358.02 |
| **Interest Amount:** | $0.00 |
| **Fee Amount:** | $0.00 |

11.    PRA's claims relate to credit contracts on which interest and fees were regularly assessed. Debtors assert that PRA's Account Summaries do not properly, accurately, or truthfully itemize the interest, fees, and other costs embedded in the claim amounts or otherwise meet the requirements of Rule 3001(c)(2)(A).

## Discussion

12.    Pursuant to 11 U.S.C. § 502(a), a claim is "deemed allowed, unless a party in interest . . . objects."

13.    Pursuant to 11 U.S.C. § 502(b)(1), where an objection is made to a claim, the Court "shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . [ ] such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."

14.    Pursuant to Federal Rules of Bankruptcy Procedure 3001(c)(2)(A), "If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim."

15.    Pursuant to Federal Rules of Bankruptcy Procedure 3001(c)(3)(B), " On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing [upon which the claim is based]."

16. Pursuant to Federal Rules of Bankruptcy Procedure 3001(f), "a proof of claim executed and filed" in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim."

## Objection to Claim

17. Each of PRA's claims falsely attest under oath in Part 2, Box 7 of the Proof of Claim that the claim amounts include no interest or other charges.

18. Each of PRA's Account Summaries falsely attest under oath that the claim amounts consist entirely of principal and include $0.00 in interest and $0.00 in fees. Accordingly, Debtors are unable to efficiently use the Proofs of Claim to determine what part of the amounts claimed by PRA is attributable to principal, and what amounts to interest and fees.

19. Under Federal Rules of Bankruptcy Procedure 3001(c)(2)(D), this Court should preclude PRA from presenting any evidence to the contrary of what it has sworn to in its claims, dismiss PRA's claims, and award other appropriate relief, including reasonable expenses and attorneys' fees.

## Second Objection to Claim

20. Debtors Schedules do not include any debt to PRA and, accordingly, Debtors deny owing a debt to PRA and request strict proof thereof.

21. Debtors specifically assert, pursuant to 11 U.S.C. § 502(b)(1) and (9), that PRA cannot enforce these debts against them.

22. Debtors affirmatively assert that PRA failed to attach the writings upon which PRA's claims are based. Pursuant to Federal Rule of Bankruptcy Procedure 3001(c)(3)(B), the Debtors hereby request that PRA provide them with a copy of the writings upon which each claim is based, or a statement of the circumstances of the loss or destruction of such writings,

within 30 days.

WHEREFORE, Debtors respectfully request that the Court sustain this Omnibus Objection to Claim, disallow the claims, grant Debtors leave to file a separate Motion seeking appropriate sanctions against PRA including the Debtors' reasonable attorney fees and expenses, and order such other and further relief as is just and proper.

                                              Respectfully submitted,
                                              **Jeffrey M. Kopf**
                                              **Bridget F. Kopf**
                                              By Counsel

                                              /s/ Mark C. Leffler_____
                                              Mark C. Leffler (VSB #40712)
                                              Boleman Law Firm, P.C.
                                              P.O. Box 11588
                                              Richmond, VA  23230-1588
                                              Telephone (804) 358-9900
                                              Counsel for Debtors

## CERTIFICATE OF SERVICE

I certify that on February 8, 2018 a copy of the foregoing has been sent to the Chapter 13 Trustee via the Court's CM/ECF system and mailed via first class mail to the following:

Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA 23541

Jeffrey M. & Bridget F. Kopf
9205 Mapleway Road
Richmond, VA 23229

                                              /s/ Mark C. Leffler
                                              Counsel for Debtors